FILED
2024 Feb-26  PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

DENNORISS RICHARDSON,

    Plaintiff,

v.

BRETT EVANS,
MAX DOTSON, DARIEN FOUNTAIN,
BILLY HALL, SINACA BUTCHER, and
CITY OF SHEFFIELD,

Defendants.

CIVIL ACTION FILE NO.:

**JURY TRIAL DEMANDED
COMPLAINT FOR DAMAGES**

## COMPLAINT

COMES NOW, the Plaintiff, Dennoriss Richardson, by and through the undersigned counsel, and files this Complaint.

## INTRODUCTION

This is an action to vindicate Dennoriss Richardson's civil rights. On November 30, 2022, Mr. Richardson, a 38-year-old disabled black man, was subjected to unconstitutional arrests and violence at the hands of the Sheffield Police Department officer while in the lobby of Sheffield Municipal Court and in jail in the City of Sheffield from November 30 to December 1 of 2022.  Richardson is the

1

victim of not only the officers' animus and wrongdoing, but also the City of Sheffield's longstanding custom to teach officers to value police image over respect for human life. Notably, on January 9, 2024, Richardson was viciously attacked again by officers of the Sheffield Police Department while in jail while he was attempting to use the telephone to receive medical attention.  When is enough, enough?" Mayor Steve Stanley addressing local media outlets pertaining to the excessive force case filed by Marvin Long, a citizen of the City of Sheffield, Alabama, "From what we could tell, the dog never broke the skin of the subject. The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt."

As a result of the assaults and false arrests, Mr. Richardson sustained physical injuries to his body. Additionally, Mr. Richardson suffered emotional injuries and damages as a result of the Defendants' unlawful and unconstitutional acts.  Further, Mr. Richardson brings state law claims and constitutional claims against all named Defendants.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1131 and 1343 over Plaintiffs' claims under the United States Constitution, which are brought both directly under 42 U.S.C. §1983.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

**PARTIES**

4. Dennoriss Richardson is of legal age and U.S. citizen. He resides in Sheffield, Alabama. He is a resident and citizen of the state of Alabama and is over nineteen (19) years of age.

5. Defendant Brett Evans was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer with the Sheffield Police Department. Defendant Brett Evans is sued in his individual capacity.

6. Defendant Max Dotson was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer with the Sheffield Police Department. Defendant Max Dotson is sued in his individual capacity.

7.  Defendant Darien Fountain was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer with the Sheffield Police Department. Defendant Darien Fountain is sued in his individual capacity.

8.  Defendant Billy Hall was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer with the Sheffield Police Department. Defendant Billy Hall is sued in his individual capacity.

9.  Defendant Sinaca Butcher was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Sheffield as a police officer with the Sheffield Police Department. Defendant Sinaca Butcher is sued in his individual capacity.

10. Defendant City of Sheffield, Alabama is a municipal corporation organized and/or existing under the laws of the State of Alabama and a "public entity" as defined by Title II of the Americans with Disabilities Act ("ADA"). At all times material to this Complaint, Defendant City of Sheffield employed Defendant Brett Evans.

## STATEMENT OF FACTS

11.  On November 30, 2022, Dennoriss Richardson (hereinafter "Mr. Richarson" or "Plaintiff"), a 38-year-old disable black man with ("asthma" and "diabetes"), was at the Sheffield Municipal Court. "Asthma" is regarded as an impairment pursuant to the *American with Disability Act.*

12. Mr. Richardson was approach by Max Dotson while in the lobby of the courthouse while waiting outside the courtroom as the judge requested him to wait. Mr. Richardson was attempting to go to the restroom when Max Dotson grabbed him to respond to him. Dotson grabbed him trying to force him in a certain direction.

13. Subsequently, Mr. Richardson responded to Dotson informing him that he did not have to reply to him, if he is not under arrest while Dotson continually grabbing his arms forcefully. Mr. Richardson tugged his arms away and told Dotson again do not touch me if he was not under arrest.

14. Notably, Dotson subsequently told Mr. Richardson that he was under "arrest".

15. While in booking at the jail in handcuffs, Darien Fountain forcefully delivered a strike to Mr. Richardson's throat region with the web of his hand and egregiously pushed Mr. Richardson head into the wall witnessed by Officer Elbert Pope. Further, Fountain placed his elbow into the Mr.

5

Richardson jawbone turning his head left. Richardson was falsely charged with Assault 2nd for this interaction with Darien Fountain.

16. Dotson and Fountain placed Mr. Richardson in a chair and strapped him for over three (3) hours aggressively calling him a "pussy and motherfucker" and that "NOBODY CAN HELP YOU".

17. Later that night, Dotson sprayed mase in Mr. Richardson's cell knowing that he had "asthma" and suffer with breathing issues.

18. Furthermore, on December 1, 2022, Mr. Richardson was in the cell at the jail not receiving his food nor medicine asking Officer Elbert Pope for both. Mr. Richardson was banging on the cell asking for help; he needed his medication and food.

19. Subsequently, Dotson unlocks the cell door then rushed inside with extreme force then grabbed Richardson by his throat pinning him to the wall then he egregiously hit Richardson with a right hook striking him in the left side of his head in the face by his eye. Richardson attempted to protect himself by grabbing Dotson's arms. Richardson asked Dotson, "What's wrong with you? I am not going to let you beat on me." Now, Richardson thinking on his feet left out the cell to be viewed by camera footage.

20.  Officers attempting to take Richardson to the restraint chair again; Brett Evans deployed the taser with the command coming from Chief Ricky Terry,

with the prongs hitting the chest and legs of Richardson. Now, the officers placed Mr. Richarson in the chair to restrain again for several hours.

21. Mr. Richardson was falsely charged with Assault 2nd Degree upon Max Dotson.

22. Needing medical attention the next morning, EMT was called and determined that Mr. Richardson needed to go to the doctor due to his medical conditions and disabilities. Officers on duty refused; EMT stated that they would make a report that the Sheffield City Jail had to consent to let you receive medical treatment but denied you an opportunity to go to the hospital.

23.  Mr. Richardson was unarmed.

24. Mr. Richardson was not a threat to the law enforcement officers.

25. Additionally, on January 9, 2024, Mr. Richardson while in Sheffield City Jail was attempting to use the telephone to call 911 to get medical attention. However, Billy Hall attempted to take the phone away from him by having his arms and hands around Richardson's neck.

26. Furthermore, Billy Hall and Sinaca Butcher assaulted Richardson using excessive force by physically throwing him on the floor of the cell.

27. Mr. Richardson was unlawfully arrested for Making a False Report of Medical Emergency for calling 911.

28. Mr. Richardson was unarmed. He posed no threat to the officers.

29. Defendants Evans, Fountain, Max Dotson, Billy Hall, and Sinaca Butcher were not discipline for their action by the City of Sheffield nor the Sheffield Police Department.

30. The City of Sheffield (hereinafter "City") has failed and refused to address known, systemic deficiencies regarding the use of force by Sheffield Police Department officers for years.

31. While the City has written policies and procedures prohibiting the use of excessive force, by refusing to discipline and hold accountable officers who have used unconstitutional, excessive, and/or unskilled violence in the line of duty, the City has cultivated an unwritten policy and custom encouraging unreasonable, escalating violence against the City's citizens. has created a culture of police misconduct with a pattern and practice of abusing their power in the City of Sheffield and Shoals community in Alabama.

32. Both Brett Evans, Darien Fountain and Max Dotson have pending lawsuits against them.  Brett Evans has not been suspended nor terminated after his action to Marvin Long. Max Dotson was not suspended nor terminated after the incident with Marvin Long.  Darien Fountain was not suspended nor terminated after the incident with Marvin Long.

33. Max Dotson was in another incident with Mr. Key, he filed a complaint on Max Dotson for reckless endangerment, menacing, assault 3rd, and harassment.

34. Specifically, Max Dotson was found guilty in the District Court of Lauderdale County, Alabama for reckless endangerment, menacing, and assault 3rd.

35. Additionally, Mr. Richardson assault occurred after Marvin Long constitutional violations by the Sheffield Police Department.

36. On October 9, 2023, Dr. Alexander Sayas was tased over 18 times by Officer Kaegan Cook, Gavin Putnam, Mason Herston, and William Vasquez when he was asking for help from Officer Cook by his law enforcement vehicle.

37. Chief Ricky Terry nor the City of Sheffield has disciplined these officers for their egregious acts to the citizens living in Sheffield, Alabama.

38. Max Dotson was only fired once he was convicted of assaulting Demarcus Key.

39. Further, Chief Ricky Terry and the City of Sheffield never terminated, suspended, nor sent Max Dotson to re-train after he learned of the charges against Dotson and the arrest warrant that was issued on March 28th, 2023, for his egregious conduct against Mr. Key. Max Dotson told Chief Ricky Terry in January of 2023 right after the New Year about attacking Mr. Key

at the store named Good Spirits. Chief Ricky Terry had many opportunities to re-train, suspend, or terminate Max Dotson before he was found guilty of assaulting Mr. Key and Dotson conspiring to have Mr. Key arrested for assault. Max Dotson went home after the incident at Good Spirits on December 23, 2022.

40. Sheffield Police Department and the City of Sheffield policy and procedures for conduct of police officers pursuant to Section 400.045 and Section 400.050 that states, "Specific rules of conduct are set forth in policy, the manual of rules and regulations, and general orders. These shall be adhered to by all Sheffield Police Department personnel.  Additionally, any act or omission contrary to good order, discipline, or accepted standards of conduct shall not be condoned. A police officer is the most conspicuous representative of government.  He is the symbol of stability and authority on which citizens can rely.  His conduct is scrutinized and, when actions are found to be excessive, unwarranted, or unjustified is criticized far more than comparable conduct of persons in other walks of life.  Therefore, personnel shall avoid conduct which might discredit them or the City of Sheffield."

41. Furthermore, Sheffield Police Department and City of Sheffield General Order No. 90-01A, "Use of Force" (effective June 1, 1988), which states that officers shall not use any form of physical force in making an arrest except

in self-defense, to overcome physical resistance, or to prevent physical injury to another person. General Order No. 90-01A further states that an officer shall only use the degree of force that is necessary to make an arrest and to bring an individual to the police station for booking.

42. On August 7, 2023, Chief Ricky Terry at the Civil Service Board Appeal held at the City of Sheffield for the hearing for Max Dotson stated the Standard Operating Procedures Manual with the City of Sheffield Police Department has been in place for some time. These procedures have been made know to the officers under his supervision. He stated that as part of training that he goes over the Rules of Conduct with his employees.

43. Mayor Steve Stanley addressing local media outlets pertaining to the excessive force case filed by Marvin Long, a citizen of the City of Sheffield, Alabama, "From what we could tell, the dog never broke the skin of the subject. The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt."

44. Other Sheffield Police Department victims include, but are certainly not limited to, the following individuals:

　　a. **Marvin Long, age 53:** On July 17, 2023, Sheffield Police Department officers attacked Marvin Long on his private property.

11

i. Without legal cause or just provocation, led by Max Dotson and aided by the other Brett Evans and Darien Fountain grabbed Mr. Long using excessive force and prevented him from entering his home. As a result, Mr. Long instantly collapsed to the ground in pain while being violently slammed, hit, and aggressively wrestle Mr. Long on the ground as he was grabbing onto the porch railing screaming for "help!, help!".  On the ground one of the deputies or officers is heard saying, "you must think we are fucking stupid," and begins to frisk Mr. Long unlawfully without probable cause or Long's consent.



(Max Dotson, Brett Evans, and Tommy Mills in photo)

ii.  Further, without legal justification, while Plaintiff was lying on the ground helpless and in severe pain as an officer (Nick Risner) released a Police K9 that viciously attacked and mauled the Plaintiff.  Officer Nick Risner yelled over and over to the Police K9, "bite him! bite him!, get him!, good!" Mr. Long was bitten by the Police K9 on the same leg that he had surgery on to replace his bones with "rods". Subsequently, Mr. Long was placed in handcuffs. Mayor Steve Stanley told local media outlets, "From what we could tell, the dog never broke the skin of the subject. The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt."



(Brett Evans hands around Mr. Long's neck; Max Dotson attacking Plaintiff while K9 dog with Nick Risner in photos)

    b.  **Demetric Payne, age 49:** On January 4, 2023, at approximately 8:01 A.M., Demetric Payne (hereinafter "Mr. Payne" or "Plaintiff"), a 49-year-old disabled black man (amputation of left leg), was at his private residence.

i.  Mr. Payne was awakened by some commotion transpiring outside. Brett Evans begins knocking on his door. He told Brett Evans that he did not understand the reason he was knocking at his door.

ii.  Notably, Brett Evans after speaking with Max Dotson (supervisory on duty) from the Sheffield Police Department told him to break down Mr. Payne's door at his home.

iii.  Subsequently, Brett Evans kicked the door off the hinges at Mr. Payne's residence.

iv.  Now inside the residence, Brett Evans egregiously and brutally with intent hit Demetric Payne in the face/head and forcefully knocked Mr. Payne to the floor.

v.  While on the floor, Brett Evans unreasonably assaulted Mr. Payne using excessive force, hitting him four to five more times to his body before placing him in handcuffs, caused and created substantial physical injuries.

vi.  Subsequently, Brett Evans once at the Sheffield Police Department knowing that Mr. Payne was disabled with one leg; egregiously snatched Payne out of the law enforcement vehicle.

Mr. Payne informed Brett Evans that he was disabled and only had one leg due to the other leg being amputated.

vii. Furthermore, Brett Evans assaulted Mr. Payne again using excessive force while he was in handcuffs heading into the entrance of the Sheffield Police Department by intentionally kicking Plaintiff's leg (one amputated leg) causing Payne to fall egregiously hard with force on the concrete steps of the facility (Sheffield Police Department in the City of Sheffield, Alabama). City of Sheffield and the facility of the Sheffield Police Department is a "public entity" as defined by Title II of the Americans with Disabilities Act ("ADA")

viii. Max Dotson was the supervisory authority officer on duty at the time of this incident giving direction to Brett Evans.

ix. Mr. Payne was unarmed.

x. Mr. Payne was not a threat to the law enforcement officers, specifically Brett Evans.

xi. Brett Evans nor Max Dotson were discipline for their action by the City of Sheffield nor the Sheffield Police Department.

xii.  The City of Sheffield (hereinafter "City") has failed and refused to address known, systemic deficiencies regarding the use of force by Sheffield Police Department officers for years.

xiii.  **Demarcus Key, age 44:** On December 23, 2022, Demarcus Key was viciously attacked by Max Dotson from the Sheffield Police Department.

xiv.  Max Dotson misused and abused his official power to have Mr. Key arrested once the Florence Police Department arrived on scene. Max Dotson created a nexus between Mr. Key, the improper conduct of the assault and battery, and Max Dotson's performance of official duties.

xv.  Max Dotson used his position as a law enforcement officer for the Sheffield Police Department to receive favorable treatment and used his influence to coerce the officers from the Florence Police Department to take a blind eye from watching the videos to ultimately arresting Demarcus Key. Max Dotson abused his professional position as a police officer with the City of Sheffield not to get arrested but used his position for favorable treatment to have Mr. Key arrested.

xvi. Florence Police Department officers Tyler Barnett and Trey Rowell told the other officers several times on scene that Max Dotson was an officer and a lieutenant at the Sheffield Police Department from the Florence Police Department law enforcement body cameras; the officers stating that he is a lieutenant at the Sheffield Police Department. Officer Ryan Wells stated that he never seen Max Dotson in person. Trey Rowell and Ryan Wells after watch the store footage of the events stated that this is "cut and dry" that Mr. Key assaulted Max Dotson when the video clearly shows otherwise. Max Dotson and the Florence Police Department officers conspired together to have Mr. Key arrested infringing on his constitutional rights.

  

c. **Dr. Alexander Sayas, age 57:** On or about October 9-10, 2023, Dr. Sayas was assaulted and excessive forced was used upon him by

Officers William Vasquez, Gavin Putnam, Mason Herston, and Kaegan Cook.

   i. Dr. Alexander Sayas was assaulted and tased over 18 times by these officers on or about October 9-10, 2023, between the hours of 11:00 PM to 1:00 AM placing him in an ant-bed letting him get bite by ants before letting him go when they found out he was a doctor in the Shoals area. He was only asking for help to find his wife cell phone by approaching the law enforcement vehicle.



45. The City has received Notice to Sue from Marvin Long, Demarcus Key, Demetric Payne, Dennoriss Richardson, and Dr. Alexander Sayas.

46. The City has been subjectively aware of the substantial risk of harm to members of the Sheffield community caused by its custom, policy, and practice of refusing to discipline and hold accountable officers who used unconstitutional, excessive, and/or unskillful force, thereby encouraging and compounding the unreasonable, escalating use of violence among the Sheffield Police Department. By way of example only, the City knew about those instances of police violence. There are undoubtedly additional examples, which have not become public knowledge, but which will be discoverable in this action.

47. Moreover, in the years leading up to January 2023, the City's implicit custom, policy, and practice took the approach of encouraging Sheffield Police Department officers towards acts of aggression and escalation, rather than de-escalation, when encountering individuals in the community.

48. The actions and omissions of the City and Defendant Brett Evans were objectively unreasonable under the circumstances, without legal justification or other legal rights, done under color of law, within the course of scope of their employment as law enforcement officers and/or public officials, and

pursuant to unconstitutional customs, policies and procedures of City, County, and/or other jurisdictions.

49. Defendant City of Sheffield was aware of the incident between Brett Evans along with the other officers named but had a high disregard towards justice being served.  No one was discipline for this matter.

50. It is well known to experienced police officers and to City policymakers that officers, without proper training and supervision regarding the limits of their authority, are likely to violate the constitutional rules.

51. Nevertheless, City of Sheffield policymakers, with deliberate indifference, failed to take steps to ensure officers were trained and supervised regarding the constitutional limits of officer's authority in these areas.

52. City of Sheffield nor Chief Ricky Terry did not criticize assaults and excessive force of Mr. Richardson when they were made aware.

53.  At all material times, and alternatively, the actions and omissions of each individual Defendant Evans, Hall, Dotson, Butcher, and Fountain were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

54. As a direct and proximate result of the Defendant Evans, Hall, Dotson, Butcher, and Fountain wrongful conduct, the Plaintiff sustained substantial injuries.

55.  Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, loss of consortium, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of the City, Defendant Evans, Hall, Dotson, Butcher, and Fountain. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest, assault, and battery.

56.  Plaintiff is also entitled to punitive damages on all of his claims to redress the willful, malicious, wanton, reckless, and fraudulent conduct of the Defendant Evans, Hall, Dotson, Butcher, and Fountain.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
(Against Defendants Evans, Hall, Dotson, Butcher, and Fountain)

57.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 56 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or

causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

58.  Defendant to this claim, is a person for purposes of 42 U.S.C. § 1983.

59.  This count applies to Defendants Evans, Hall, Dotson, Butcher, and Fountain.

60.  Defendants Evans, Hall, Dotson, Butcher, and Fountain, at all times relevant hereto, were acting under the color of state law in their capacities as an officer for the Sheffield Department and employed by the City of Sheffield in the state of Alabama and their acts or omissions were conducted within the scope of their official duties or employment.

61.  At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secured in his person from unreasonable seizure through excessive force.

62.  Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

63.  Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

64.   Defendants Evans, Hall, Dotson, Butcher, and Fountain actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

65.   Defendants Evans, Hall, Dotson, Butcher, and Fountain actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendants Evans, Hall, Dotson, Butcher, and Fountain shocks the conscience and violated these Fourth Amendment rights of Plaintiff. As explained above, Defendants Evans, Hall, Dotson, Butcher, and Fountain breached the policy and procedures of the City of Sheffield.

66.   Defendants Evans, Hall, Dotson, Butcher, and Fountain unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom. Plaintiff was unarmed. Plaintiff was not a threat to the law enforcement officers, specifically Brett Evans.

67.   The force used by the Defendants Evans, Hall, Dotson, Butcher, and Fountain caused serious bodily injury to Plaintiff.

68.  Defendants Evans, Hall, Dotson, Butcher, and Fountain engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

69.  Defendants Evans, Hall, Dotson, Butcher, and Fountain did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

70.  The acts or omissions of Defendants Evans, Hall, Dotson, Butcher, and Fountain were moving forces behind Plaintiff's injuries.

71.  The acts or omissions of Defendants Evans, Hall, Dotson, Butcher, and Fountain as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

72.  Defendants Evans, Hall, Dotson, Butcher, and Fountain is not entitled to qualified immunity for his actions.

73.  As a direct and proximate result of Defendants Evans, Hall, Dotson, Butcher, and Fountain unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As further result of the individual Defendants Evans, Hall, Dotson, Butcher, and Fountain unlawful conduct, Plaintiff has incurred

special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

74.  On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial.  Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

75.  In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. Defendants Evans, Hall, Dotson, Butcher, and Fountain are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

76.  WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment for compensatory damages;

   b.   Judgment for exemplary or punitive damages;

   c.   Cost of suit;

d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unconstitutional Policy, Custom, or Procedure (Monell)**
**Violation of the Fourth Amendment and Fourteen Amendment**
(Against Defendant City of Sheffield)

77.  Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint.

78.  Defendant City of Sheffield to this claim, is a person for purposes of 42 U.S.C. § 1983, wherein Plaintiff seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendment to the United States Constitution.

79.  This count applies to Defendant City of Sheffield.

80.  It is " when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Accordingly, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and

(3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

81. To establish that the City has such a custom or policy, plaintiff must allege "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Ft. Lauderdale,* 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations and citations omitted). Plaintiff must allege "a longstanding and widespread practice [that] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Id.*

82. Defendant City of Sheffield violated Mr. Payne's constitutional rights, as alleged above for Excessive Force, by creating and maintaining the following unconstitutional customs and practice.

83. Mr. Payne alleges that Defendant City of Sheffield has a de facto policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or claims for damages involving police misconduct;

84. Mr. Payne alleges that Defendant City of Sheffield has a de facto policy, custom or practice of failing to discipline, failing to investigate, and of

retaining, using excessive force on citizens, personnel who falsely detain or arrest persons in violation of constitutional rights;

85. Mr. Payne alleges that Defendant City of Sheffield has a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and retaining, personnel who use excessive force, unlawfully arrest citizens, and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

86. On August 7, 2023, Chief Ricky Terry at the Civil Service Board Appeal held at the City of Sheffield for the hearing for Max Dotson stated the Standard Operating Procedures Manual with the City of Sheffield Police Department has been in place for some time. These procedures have been made know to the officers under his supervision. He stated that as part of training that he goes over the Rules of Conduct with his employees.

87. Mayor Steve Stanley addressing local media outlets pertaining to the excessive force case filed by Marvin Long, a citizen of the City of Sheffield, Alabama, "From what we could tell, the dog never broke the skin of the subject. The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt."

88. Other Sheffield Police Department victims include, but are certainly not limited to, the following individuals:

a. **Marvin Long, age 53:** On July 17, 2023, Sheffield Police Department officers attacked Marvin Long on his private property.

    i. Without legal cause or just provocation, led by Max Dotson and aided by the other Brett Evans and Darien Fountain grabbed Mr. Long using excessive force and prevented him from entering his home. As a result, Mr. Long instantly collapsed to the ground in pain while being violently slammed, hit, and aggressively wrestle Mr. Long on the ground as he was grabbing onto the porch railing screaming for "help!, help!". On the ground one of the deputies or officers is heard saying, "you must think we are fucking stupid," and begins to frisk Mr. Long unlawfully without probable cause or Long's consent.



(Max Dotson, Brett Evans, and Tommy Mills in photo)

ii.   Further, without legal justification, while Plaintiff was lying on the ground helpless and in severe pain as an officer (Nick Risner) released a Police K9 that viciously attacked and mauled the Plaintiff.  Officer Nick Risner yelled over and over to the Police K9, "bite him! bite him!, get him!, good!" Mr. Long was bitten by the Police K9 on the same leg that he had surgery on to replace his bones with "rods". Subsequently, Mr. Long was placed in handcuffs. Mayor Steve Stanley told local media outlets, "From what we could tell, the dog never broke the skin of the subject. The actions by our officers certainly got Mr. Long to stop and come into compliance with the arrest attempt."

 

(Brett Evans hands around Mr. Long's neck; Max Dotson attacking Plaintiff while K9 dog with Nick Risner in photos)

b.  **Demetric Payne, age 49:** On January 4, 2023, at approximately 8:01 A.M., Demetric Payne a 49-year-old disabled black man (amputation of left leg), was at his private residence.

30

i.   Mr. Payne was awakened by some commotion transpiring outside. Brett Evans begins knocking on his door. He told Brett Evans that he did not understand the reason he was knocking at his door.

ii.   Notably, Brett Evans after speaking with Max Dotson (supervisory on duty) from the Sheffield Police Department told him to break down Mr. Payne's door at his home.

iii.   Subsequently, Brett Evans kicked the door off the hinges at Mr. Payne's residence.

iv.   Now inside the residence, Brett Evans egregiously and brutally with intent hit Demetric Payne in the face/head and forcefully knocked Mr. Payne to the floor.

v.   While on the floor, Brett Evans unreasonably assaulted Mr. Payne using excessive force, hitting him four to five more times to his body before placing him in handcuffs, caused and created substantial physical injuries.

vi.   Subsequently, Brett Evans once at the Sheffield Police Department knowing that Mr. Payne was disabled with one leg; egregiously snatched Payne out of the law enforcement vehicle.

Mr. Payne informed Brett Evans that he was disabled and only had one leg due to the other leg being amputated.

vii. Furthermore, Brett Evans assaulted Mr. Payne again using excessive force while he was in handcuffs heading into the entrance of the Sheffield Police Department by intentionally kicking Plaintiff's leg (one amputated leg) causing Payne to fall egregiously hard with force on the concrete steps of the facility (Sheffield Police Department in the City of Sheffield, Alabama). City of Sheffield and the facility of the Sheffield Police Department is a "public entity" as defined by Title II of the Americans with Disabilities Act ("ADA")

viii. Max Dotson was the supervisory authority officer on duty at the time of this incident giving direction to Brett Evans.

ix. Mr. Payne was unarmed.

x. Mr. Payne was not a threat to the law enforcement officers, specifically Brett Evans.

xi. Brett Evans nor Max Dotson were discipline for their action by the City of Sheffield nor the Sheffield Police Department.

xii.  The City of Sheffield has failed and refused to address known, systemic deficiencies regarding the use of force by Sheffield Police Department officers for years.

c.  **Demarcus Key, age 44:** On December 23, 2022, Demarcus Key was viciously attacked by Max Dotson from the Sheffield Police Department.

i.  Max Dotson misused and abused his official power to have Mr. Key arrested once the Florence Police Department arrived on scene. Max Dotson created a nexus between Mr. Key, the improper conduct of the assault and battery, and Max Dotson's performance of official duties.

ii.  Max Dotson used his position as a law enforcement officer for the Sheffield Police Department to receive favorable treatment and used his influence to coerce the officers from the Florence Police Department to take a blind eye from watching the videos to ultimately arresting Demarcus Key. Max Dotson abused his professional position as a police officer with the City of Sheffield not to get arrested but used his position for favorable treatment to have Mr. Key arrested.

iii. Florence Police Department officers Tyler Barnett and Trey
Rowell told the other officers several times on scene that Max
Dotson was an officer and a lieutenant at the Sheffield Police
Department from the Florence Police Department law
enforcement body cameras; the officers stating that he is a
lieutenant at the Sheffield Police Department. Officer Ryan
Wells stated that he never seen Max Dotson in person. Trey
Rowell and Ryan Wells after watch the store footage of the
events stated that this is "cut and dry" that Mr. Key assaulted
Max Dotson when the video clearly shows otherwise. Max
Dotson and the Florence Police Department officers conspired
together to have Mr. Key arrested infringing on his constitutional
rights.

  

d. **Dr. Alexander Sayas, age 57:** On or about October 9-10, 2023, Dr.
Sayas was assaulted and excessive forced was used upon him by

Officers William Vasquez, Gavin Putnam, Mason Herston, and Kaegan Cook.

   i. Dr. Alexander Sayas was assaulted and tased over 18 times by these officers on or about October 9-10, 2023, between the hours of 11:00 PM to 1:00 AM placing him in an ant-bed letting him get bite by ants before letting him go when they found out he was a doctor in the Shoals area. He was only asking for help to find his wife cell phone by approaching the law enforcement vehicle.





89. The City has received Notice to Sue from Marvin Long, Demarcus Key, Demetric Payne, Dennoriss Richardson, and Dr. Alexander Sayas.

90. Defendant's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Richardson's constitutional rights at issue in this case.

91. Mr. Richardson is informed, believes and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City, by and through its decision makers.

92. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Richardson.

93. Mr. Richardson specifically alleges that Defendant City of Sheffield's policy, custom, and/or practices, as described herein, were within the control of Defendant and within the feasibility of Defendant, to alter adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Richardson.

94. Defendant City engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in negligent reckless disregard of Plaintiff's federally protected constitutional rights.

95.  Defendant City of Sheffield did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical, constitutional (life and liberties), and emotional injuries.

96.  The acts or omissions of Defendant City of Sheffield were moving forces behind Plaintiff's injuries.

97.  As a proximate result of Defendant City's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendant City's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

98.  On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

99.   WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Cost of suit;

    c.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    d.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### THIRD CLAIM FOR RELIEF
### State Law – Assault and Battery
(Against Defendants Evans, Hall, Dotson, Butcher, and Fountain)

100. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint.

101. This count applies to Defendants Evans, Hall, Dotson, Butcher, and Fountain.

102. Defendants Evans, Hall, Dotson, Butcher, and Fountain acts were not undertaken in good faith and were not discretionary but were undertaken with malice intent.

103. Defendants Evans, Hall, Dotson, Butcher, and Fountain touched Plaintiff with the intent to harm or offend him.

104. Plaintiff did not consent to the unwelcomed touching and was harmed by it.

105. A reasonable person in Plaintiff's situation would have been offended by touching.

106. At all material times herein, Defendants Evans, Hall, Dotson, Butcher, and Fountain threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

107. At all material times herein, the physical contact and/or threat of physical contact referred to herein to herein was inflicted upon Plaintiff by Defendants Evans, Hall, Dotson, Butcher, and Fountain.

108. That the physical contact and/or threat of contact were unnecessary and excessive and furthermore, the physical contact was without probable cause and/or legal justification.

109. As a direct and proximate result of the assaults and batteries inflicted upon Plaintiff by Defendants Evans, Hall, Dotson, Butcher, and Fountain as described above, and/or the failure to stop the unnecessary threat and/or use of force, Plaintiff sustained injuries and damages.

110. Defendant Brett Evans actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

111. Defendants Evans, Hall, Dotson, Butcher, and Fountain conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

112. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

113. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants Evans, Hall, Dotson, Butcher, and Fountain and demands trials by jury on all issues so triable.

**FOURTH CLAIM FOR RELIEF**
**State Law – Intentional Infliction of Emotional Distress**
(Against Defendants Evans, Hall, Dotson, Butcher, and Fountain)

114. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint.

115. This count applies to Defendants Evans, Hall, Dotson, Butcher, and Fountain.

116. Defendants Evans, Hall, Dotson, Butcher, and Fountain conduct as described herein was outrageous.

117. Defendants Evans, Hall, Dotson, Butcher, and Fountain intended to cause Plaintiff emotional distress.

118. Defendants Evans, Hall, Dotson, Butcher, and Fountain acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

40

119. Plaintiff suffered severe emotional distress from Defendants Evans, Hall, Dotson, Butcher, and Fountain harassment, excessive force, conspiracy to arrest him, and infringing on his constitutional rights when he was arrested and lost his liberty interest freedom of movement.

120. Defendants Evans, Hall, Dotson, Butcher, and Fountain conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

121. Defendants Evans, Hall, Dotson, Butcher, and Fountain conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

122. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

123. WHEREFORE, Plaintiff demands, separately and severally, judgment and compensatory and punitive damages to the fullest extent of the law against Defendants Evans, Hall, Dotson, Butcher, and Fountain and demands trial by jury on all issues so triable.

## FIFTH CLAIM FOR RELIEF
### Title II of the Americans with Disability Act
(Against City of Sheffield)

124. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint.

125. This count applies to Defendant City of Sheffield.

126. Plaintiff has a disability, namely "diabetes" and "asthma", physical impairments that substantially limits the major life activities of caring for himself, breathing, and body will shut down if medication is not given properly, and working, among others.

127. Plaintiff is qualified individual with a disability as defined by the ADA.

128. Law enforcement officers employed by Defendant City of Sheffield were under a duty imposed by the ADA to reasonably accommodate Plaintiff's disability in the course of detaining, questioning, interacting with, an/or detaining him.

129. Defendant City of Sheffield failed to reasonably accommodate Plaintiff's disability.

130. Plaintiff accordingly was denied the benefits of Defendant City of Sheffield's services, programs, or activities and the denial of these benefits was by reason of Plaintiff's disability.

131. Plaintiff suffered damages.

42

132. WHEREFORE, Plaintiff demands, separately and severally, judgment and compensatory and punitive damages to the fullest extent of the law against Defendant and demands trial by jury on all issues so triable.

### Other Matters

133. All conditions precedent to the bringing of this suit have occurred.

### <u>PRAYER FOR RELIEF</u>

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the appropriate Defendants jointly and severally and grant:

    a.    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims all allowed by law in an amount into be determine by a jury;

    b.    economic losses on all claims allows allowed by law;

    c.    special damages in an amount to be determined at trial;

    d.    punitive damages on all claims allowed by law against all individual Defendants;

    e.    attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

    f.    pre-and post-judgment interest at the lawful rate; and,

    g.    any further relief that this court deems just and proper, and any other appropriate relief of law and equity. economic losses on all claims allows allowed by law;

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 25th day of February 2024,

**The Roderick Van Daniel Law Firm, LLC**

*/s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
No. ASB-9105-164X
1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com
vandaniel@rvdcivilrightsattorney.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon the following counsel of record on the 25th of February, 2024, via the AlaFile electronic filing system, email, sheriff, constable, process server, USPS, CM/EMF, and etc.

*<u>/s/ Dr. Roderick Van Daniel, Esquire</u>*
OF COUNSEL