IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DENNORISS RICHARDSON, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.: 3:24-cv-00229-LCB |
| BRETT EVANS, and et. al., | |
| Defendants. | |

**PLAINTIFF'S MOTION TO SUBSTITUTE OF PARTIES
and ALTERNATIVE AN EXTENSION OF TIME**

COMES NOW, the Plaintiff, Dennoriss Richardson, by and through the undersigned counsel, and files this Motion to Substitute of Parties and Alternative an Extension of Time to Substitute the Parties pursuant to the *Federal Rules of Civil Procedure 25(a)* governs the substitution of a party who has died. Rule 25 provides that upon the death of a decedent plaintiff, if the claim on which the suit is based survives the death, a court may order the substitution of the proper party, ordinarily the personal representative of the party who has died. *Id.* (emphasis added). Under Rule 25, the action may only be dismissed if the motion for substitution is filed more than 90 days "after the death is suggested upon the record by service of a statement of the fact of death." Fed. R. Civ. P. 25(a)(1).

1

Moreover, in the alternative the Plaintiff moves this Honorable Court to grant an extension of time until the proceeding with the Colbert County Probate Court is finalized to have his wife, Leigh Ann Richardson to substitute the Dennoriss Richardson (deceased). This motion is necessary because it has come to Plaintiff's counsel attention that Mr. Richardson's body was found hanging in an abandon house in rural Colbert County, Alabama not close to his home.  His death is presently being investigated by the United States Federal Bureau of Investigation (FBI) due to his suspicious death.  Death Certificate has not been given due to an "ongoing investigation." Defendants filed Notice of Suggestions of Death on September 30, 2024. (Doc. 52).    Thus, for the above reasons, this Motion ensues.

## STATEMENT OF FACTS

This is an action to vindicate Dennoriss Richardson's civil rights; however, his wife Leigh Richardson will be substituting as the representative since his suspicious death. Mr. Richardson was reported missing to the Sheffield Police Department in the City of Sheffield, Alabama by Mrs. Richardson. She could not reach him starting on September 26, 2024.  On September 28, 2024, a citizen of the community in Cherokee, Alabama reported an unknown Mercedes 550 on the property at address 15090 US 72 Cherokee, Alabama. Mr. Richardson is a resident of Sheffield, Alabama. Mr. Richardson was known for driving a Mercedes 550.

Colbert County Sherriff's Deputies arrived at this property to evaluate the vehicle on the property to find a hanging body on the porch of the abandoned home. Mr. Richardson was identified by the deputies as the citizen hanging in rural Colbert County, Alabama, not close to his home in Sheffield, Alabama. His death has been determined to be suspicious even though originally it was ruled a suicide by the Colbert County Sheriff's Office within approximately five (5) days. Furthermore, the Alabama Department of Forensic medical examiners ruled his death as a suicide as well.



On October 21, 2024, Mr. Richardson's death certificate was still pending due to medical certification. Presently, the United States Federal Bureau Investigation is investigating Mr. Richardson's suspicious death.  Also, a second independent autopsy with a private medical examiner was hired by the family to evaluate his body to determine his untimely death by a rope hung on the outside of

3

the abandoned house on a porch. The private medical examiner was not given the pictures from the scene of the death from the first medical examiner. On October 18, 2024, the Alabama Department of Forensic denied access for Mrs. Richardson to have access to the pictures of the death due to an "ongoing investigation". Death Certificate has not been given due to an "ongoing investigation." Defendants filed Notice of Suggestions of Death on September 30, 2024. (Doc. 52). Plaintiff is filing to substitute parties on October 25, 2024. Plaintiff will do her due diligence to begin the Probate process immediately but has not received the death certificate. On September 24, 2024, the Honorable Court granted the Defendant's motion to stay. (Doc. 51.).



**DISCUSSION AND STANDARD OF REVIEW AND DISCUSSION**

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1).

Before 1963, Rule 25 required courts to dismiss an action if the motion for substitution was not made within two years of the death of the party. See Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969). No extensions of this deadline were allowed. Id. But in 1963, Rule 25 was amended to allow for substitution of a party within ninety days from when a notice of death is filed and properly served. See id. at 984–85. This was intended to provide a more flexible approach and avoid the "hardships and inequities" that resulted from the previously inflexible, two-year requirement. See Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment.

The Advisory Committee's notes to the amended rule also explain that courts have the discretion to extend the ninety-day deadline. See id. ("The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended." (citation omitted and emphasis added)). Rule 6 was concurrently amended to eliminate the prohibition on extending Rule 25 deadlines. The Advisory Committee's notes to Rule 6 from the same year specifically provide that courts "shall have discretion to enlarge" the

5

period for substituting a party under Rule 25. Fed. R. Civ. P. 6 advisory committee's note to 1963 amendment.

District courts have discretion to extend the Rule 25 ninety-day period for substitution. The Advisory Committee's notes to both Rules 6 and 25 say as much. And "[a]lthough not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (quotation omitted). We therefore agree with our sister circuits that have recognized that Rule 25's ninety-day deadline may be extended under Rule 6(b). See, e.g., Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) ; Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) ; McSurely v. McClellan, 753 F.2d 88, 98 n.5 (D.C. Cir. 1985) (per curiam); Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966) ("[T]he history of the 1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions."). Lizarazo v. Miami-Dade Corr. &amp; Rehab. Dep't., 878 F.3d 1008 (11th Cir. 2017).

The District Court based its order on an incorrect interpretation of Rule 25. The court stated: "if the motion is not made within ninety (90) days after service of a statement noting the death, the action <u>must</u> be dismissed. Such language is mandatory, not discretionary." The District Court's ruling was therefore based on

its mistaken understanding that it could not extend Rule 25's ninety-day period. But to the contrary, Rule 6(b) permits the court to extend the Rule 25 ninety-day period for good cause with or without motion. Fed. R. Civ. P. 6(b)(1)(A). And after the Rule 25 period expired, the District Court retained the discretion to extend time if Mr. Lizarazo showed "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Here, Defendants filed Notice of Suggestions of Death on September 30, 2024. (Doc. 52). Mr. Richardson was found deceased on September 28, 2024. *Federal Rules of Civil Procedure 25(a)* governs the substitution of a party who has died. Rule 25 provides that upon the death of a decedent plaintiff, if the claim on which the suit is based survives the death, a court may order the substitution of the proper party, ordinarily the personal representative of the party who has died. *Id.* (emphasis added). Deceased plaintiff is filing to substitute parties on October 25, 2024 for his wife, Leigh Richardson to be the representative for this action. Under Rule 25, the action may only be dismissed if the motion for substitution is filed more than 90 days "after the death is suggested upon the record by service of a statement of the fact of death." Fed. R. Civ. P. 25(a)(1).

On September 24, 2024, the Honorable Court granted the Defendant's motion to stay. (Doc. 51.). The District Court went straight to the "excusable neglect" analysis without considering whether its December 29 stay effectively extended the Rule 25 period. Lizarazo v. Miami-Dade Corr. &amp; Rehab. Dep't.,

878 F.3d 1008 (11th Cir. 2017). Similarly to Lizarazo, Richardson case has been stayed. The plaintiff would like to know if the stay extends the Rule 25 period for this action.

In the alternative, if the Honorable Court presently cannot substitute Mrs. Richardson (wife of the deceased) as the representative until the Colbert County Probate Court awards the Letters of Administration, Mrs. Richardson requests an extension of time to substitute as the new party for this action. The motion to substitute is being made within the ninety (90) days period. In Lizarazo v. Miami-Dade Corr. &amp; Rehab. Dep't., 878 F.3d 1008 (11th Cir. 2017), the District Court considered whether its December 29 order allowing the case to be reopened if "a proper motion is made within 90 days hereof" had the effect of extending the Rule 25 deadline to March 29. If so, Mr. Lizarazo's motions for an extension of the stay, filed March 13, and for substitution, filed March 28, were both timely. A timely motion to extend is reviewed for good cause, not excusable neglect, Fed. R. Civ. P. 6(b), and "should be liberally granted absent a showing of bad faith ... or undue prejudice." See, e.g., United States v. Miller Bros. Const. Co., 505 F.2d 1031, 1035 (10th Cir. 1974).

Additionally in Lizarazo, if the District Court determines that the December 29 order did not extend the Rule 25 period, it must then turn to the question of whether Mr. Lizarazo's delay was the result of "excusable neglect." A part of the

"excusable neglect" analysis will no doubt include whether the language of the court's December 29 order— saying that the case would be reopened if a proper motion to substitute was filed "within 90 days hereof"—could excuse the March 13 and March 28 filings. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391–92, 395, 398–99, 113 S.Ct. 1489, 1496, 1498, 1500, 123 L.Ed.2d 74 (1993) (describing the "excusable neglect" test and highlighting the "dramatic ambiguity" in a notice from the court as weighing in favor of a finding of "excusable neglect").

    Mrs. Richardson has not received Mr. Richardson's death certificate due to his suspicious death from be hung in a rural area in Cherokee, Alabama close to the Mississippi state line in an abandon home on the porch on the beam not close to his home in Sheffield, Alabama. The investigation is ongoing for his death by the Federal Bureau of Investigation. Mrs. Richardson is waiting for the private medical examination determination as well. The private medical examiner was not given the pictures from the scene of the death from the first medical examiner. On October 18, 2024, the Alabama Department of Forensic denied access for Mrs. Richardson to have access to the pictures of the death due to an "ongoing investigation".  Death Certificate has not been given due to an "ongoing investigation." (Exhibit A – Letter from the Alabama Department of Forensic at page 1). This is not the proper procedure for getting a second opinion for the

9

validity of the private medical examination. Both parties should be given the opportunity to have the same evidence to make a thorough analysis.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, for all of the above stated reasons, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion to Substitute the Parties with Leigh Richardson or in the alternative grant an extension of time to be able to complete the process at the Probate Court once the death certificate has been given while Mrs. Richarson does her due diligence with completing the process to receiving her Letters of Administration. Furthermore, Plaintiff's counsel is requesting for a briefing of the impact of the "Stay" pending the resolution of the pending motions effect on the Substitution of Parties pursuant to Rule 25 starting the 90 days count down from the Notice of Suggestion of Death.

Respectfully submitted this 25th day of October 2024,

**The Roderick Van Daniel Law Firm, LLC**

*/s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
No. ASB-9105-164X
1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com
vandaniel@rvdcivilrightsattorney.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon the following counsel of record on the 25th of October, 2024, via the AlaFile electronic filing system, email, sheriff, constable, process server, USPS, CM/EMF, and etc.

**BART G. HARMON**
**ROBBIE ALEXANDER HYDE**

**DAVID J. CANUPP**
**ALLISON B. CHANDLER**


      */s/ Dr. Roderick Van Daniel, Esquire*
      OF COUNSEL

# EXHIBIT "A"
# DENIAL OF EVIDENCE – ALABAMA DEPARTMENT OF FORENSIC



**ALABAMA
DEPARTMENT OF FORENSIC SCIENCES**

Headquarters Certified Request
1051 Wire Road
Auburn, Alabama 36832

Director: Angelo Della Manna
Office Phone: (334) 821-6254
Office Fax: (334) 887-7531

October 18, 2024

Roderick Van Daniel
1501 15th Ave., S. Unit 34
Birmingham, AL 35205

Name   Dennoriss Richardson

Dear Sir/Madam:

Reports in this case are not currently public record because the case remains under investigation either per order from the District Attorney or due to the fact that the Alabama Department of Forensic Sciences has not completed its investigation. (See Stone v. Consolidated Publishing Co., 404 So. 2d 678 (Ala. 1981); see also Opinion to the Honorable Michael D. Smith, dated February 8, 1996, A.G. No. 96-00128).

Alabama Department of Forensic Sciences report(s) in this case may, at a later date, become public record (Code of Alabama (1975) Section 36-18-2) and at that time certified copies of the complete case report(s) will be available upon request and payment of the required fee of $20.00.

If we can be of further assistance, please do not hesitate to contact the Alabama Department of Forensic Sciences Certified Request Division at 334-821-6254.